IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.  8:16-cr-00541-BHH-1 |
| | ) | 8:16-cr-00541-BHH-2 |
| v. | ) | DEFENDANTS' MOTION FOR |
| | ) | CONTINUANCE |
| GLENN WELCH | ) | |
| WELCH GROUP ENVIRONMENTAL | ) | |

This matter is before the Court on motion by the defendant, to continue this case beyond the current term of court**.**  A pretrial hearing is scheduled for November 16, 2016.  Defense counsel has consulted with the defendant and with the  Assistant United States Attorney who consent to this motion.  This is an environmental law case.  Counsel has not had enough time to digest and go over the evidence with the defendant. The discovery is voluminous with something over 9,200 pages already delivered.  Defense counsel requires additional time to receive and review discovery materials, confer with the defendant, and continue plea negotiations or prepare for trial.

Ordinarily, a defendant must be tried within seventy days of the unsealing of an indictment or initial appearance, whichever occurs later. There are, of course, a number of statutorily recognized exceptions to this rule which are found in 18 U.S.C. §§3161, *et seq*. In addition, there are more general reasons for continuing a case which require a weighing and balancing of the public's interest in a speedy trial with the defendant's interests and the government's interests.  *U.S. v. Keith*, 42 F.3d. 234 (4th Cir. 1994); *Zedner v. U.S.*, 126 S.Ct. 1976 (2006).

The defendant moves this Court for a continuance pursuant to 18 U.S.C. §3161(h)(8)(B)(iv), which provides that the period within which a defendant must be tried can be tolled if it would be unreasonable to expect counsel to be adequately prepared taking all relevant factors into consideration.

For the reasons set forth above, defense counsel request the Court continue this case until

the next term of Court and that the time is excluded under 18 U.S.C. §3161(h)(8)(B)(iv).

Defense counsel avers that the public's interest in a speedy trial will not be adversely affected by a continuance to allow defense counsel to receive and review discovery materials, confer with the defendants and continue plea negotiations or prepare for trial. Defense counsel has specifically advised the Defendant that by requesting this continuance or consenting thereto, the Defendant waives his right to a speedy trial. Defense counsel further avers that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the parties in a speedy trial.

Respectfully submitted,

David W. Plowden
Assistant Federal Public Defender
Attorney for the Defendant

November 8, 2016
Greenville, South Carolina